UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRIT SINGH,<br><br>        Plaintiff,<br><br>    v.<br><br>PALMETTO CONSULTING OF COLUMBIA, LLC, and others,<br><br>        Defendants. | Case No. 21-cv-06183-NC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

On August 11, 2021, Pro Se Plaintiff Amrit Singh filed a complaint against Defendants regarding a contract dispute over the ownership of an insurance company. ECF 1. It is unclear from the complaint whether this Court has subject matter jurisdiction over the dispute. Accordingly, the Court ORDERS Singh to show cause in writing why this case should not be dismissed by September 13, 2021.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts only have jurisdiction over three types of cases: (1) where the United States is a party; (2) where there is a "federal question" asserted; and (3) where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331–32.

Based on the allegations in the complaint, this case does not fall under any of the

three categories of federal subject matter jurisdiction. First, the United States is not a party. Second, Singh indicates this case arises out of a contract dispute. *See* ECF 1-1 at 1. Contract law is governed by state law, not federal law, so there is no federal question. *See* 28 U.S.C. § 1331. Third, although Singh identifies diversity as the basis of the Court's jurisdiction, the complaint does not demonstrate complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332.

To satisfy diversity jurisdiction, Singh must demonstrate complete diversity of citizenship between himself–the plaintiff–and all of the defendants. *See id.* For individuals, citizenship is determined by domicile, or the state where you live with the intent to permanently remain. *See Chicago & N. R. Co. v. Ohle*, 177 U.S. 123, 126 (1886). For corporations, citizenship is determined by the corporation's state of incorporation and principal place of business. For limited liability companies, citizenship is determined by the citizenship of all LLC members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In the complaint, Singh identifies the principal place of business of one defendant–American Transportation Group Insurance, Risk Retention Group–but in order to establish diversity jurisdiction he needs to identify ATGI's principal place of business *and* state of incorporation and he needs to identify the citizenship of the remaining eighteen defendants.

Singh must also demonstrate an amount in controversy exceeding $75,000 to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. It is unclear from the complaint what Singh is requesting for relief, but there does not appear to be any monetary damages request. Thus, as it alleged, there is no diversity jurisdiction because the amount in controversy does not exceed $75,000.

Finally, the Court informs Singh that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by phone appointment at (408) 297-1480. There are also online resources available on the Court's webpage. The Pro Se Handbook, found at: http://www.cand.uscourts.gov/pro-se-litigants/, has a

downloadable version of the Court's publication: *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*.

In sum, the Court ORDERS Singh to show cause in writing why this case should not be dismissed by September 13, 2021. If Singh does not file a response by September 13, the Court will recommend dismissal of the complaint.

**IT IS SO ORDERED.**

Dated: August 13, 2021   _____
NATHANAEL M. COUSINS
United States Magistrate Judge